U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 12 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GWEN BERGMAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-315-Y |
| | § | |
| W. ELAINE CHAPMAN, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  Nature of the Case**

This action is construed as a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.[1]

**B.  Parties**

Petitioner Gwen Berman, Reg. No. 32578-013, is a federal prisoner who was incarcerated in the Federal Medical Center, Carswell, in Fort Worth, Texas (FMC-Carswell), prior to filing this petition.

---

[1] It appears petitioner intended to file the purported petition in Case No. 4:09-CV-061-A, which was dismissed for lack of jurisdiction on February 23, 2010 (docket entry 40). Copies of the memorandum opinion and order and judgment sent to petitioner in that case were returned to the Court as "Undeliverable" on March 3, 2010 (docket entry 41).

The Respondent is W. Elaine Chapman, Warden of the FMC-Carswell. No service has issued upon respondent.

## C. Procedural History

Bergman is confined as a result of ongoing criminal proceedings in cause number 1:04-CR-180-WDM in the United States District Court for the District of Colorado. *See* CM/ECF, Criminal Docket for Case #1:04-CR-180-WDM. Bergman was confined at FMC-Carswell to determine whether she was competent to stand trial, but is now confined in FTC-Oklahoma City, Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK 73189.[2] The clerk of Court received this petition for filing on May 4, 2010, in which Bergman complains of continued medical neglect and indifference from FMC-Carswell and the denial of access to medical care, administrative remedies, and the courts. Bergman seeks damages in over a million dollars.

## D. Jurisdiction

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3).

A § 2241 petition must be filed in the district where the prisoner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Because Bergman is not incarcerated in this district, the Court lacks jurisdiction to entertain her pleading as a § 2241 petition. Furthermore, habeas

---

[2] The undersigned takes judicial notice of the record in Bergman's prior federal habeas action in this Court in Civil Action No. 4:07-CV-373-Y.

2

corpus is not an appropriate or available remedy for damages claims. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 398 (1971).

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 2, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 2, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 12, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE